IN THE UNITED STATES COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT CROCKETT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) NO. CIV-06-0135-HE |
| | ) |
| PAULETTA LINDA HARRELL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiffs, the natural children of Dr. Norman L. Crockett, deceased, filed this case in the District Court of Cleveland County, Oklahoma, asserting various claims against defendant Pauletta Linda Harrell and defendant Teachers Insurance and Annuity Association of America - College Retirement Equities Fund ("TIAA-CREF"). In general, plaintiffs allege defendant Harrell took advantage of Dr. Crockett before he died, wrongfully induced him to transfer various assets to her, and to change his will and/or trust arrangements, all contrary to plaintiffs' rights in, or expectations as to, their father's property. They assert claims for imposition of a constructive trust on various assets alleged to have been wrongfully transferred to defendant Harrell or her family, for violation of the Oklahoma Uniform Fraudulent Transfer Act, for conversion of various assets including an account maintained with TIAA-CREF, and for declaratory judgment determining that plaintiffs are

the rightful beneficiaries of the TIAA-CREF account.[1]

On February 8, 2006, TIAA-CREF filed its notice of removal in this court, alleging that all other parties were diverse from it and that in excess of $75,000 was in issue. [Doc. #7]. On March 9, 2006, defendant Harrell filed her motion to remand the case [Doc. #20], objecting to subject matter jurisdiction in this court and to the removal of the case without the consent of all defendants.[2] That motion has been fully briefed and is at issue. Further, the parties have submitted additional briefs at the court's direction addressing the potential application of the "probate exception" to federal jurisdiction.

Although various issues exist as to whether this court has subject matter jurisdiction, the court concludes it is unnecessary to resolve them. The removal of the case to this court was improper in any event. It is clear that, subject to limited exceptions not applicable here, all defendants must join in the notice of removal. Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring). See Akin v. Ashland Chem. Co.,156 F.3d 1030, 1034 (10th Cir. 1998) (noting that the general removal rules under 28 U.S.C. § 1441 and §1446 require all defendants to join in the removal petition). Here, only TIAA-CREF has done so. Defendant Harrell has not joined in the removal and, to the contrary, has explicitly

---

[1] *The TIAA-CREF account apparently represents the proceeds of three annuities owned by Dr. Crockett at his death.*

[2] *In the interim, defendant TIAA-CREF filed a separate interpleader action in this court against plaintiffs, defendant Harrell, and the trustee of a trust established by Dr. Crockett, addressing the issues arising out of the same underlying dispute. Teachers Insurance and Annuity Association of America v. Scott Crockett, et al., Case No. CIV-06-0119-HE. The pendency of that case does not affect the resolution of the issues involved here.*

objected to it. See Def. Harrell's mot. for remand, p. 4.[3] Harrell's objection and motion to remand was filed within thirty days of the filing of the notice of removal and is therefore timely. 28 U.S.C. § 1447(c).

As less than all defendants have joined in the notice of removal, the attempted removal to this court is ineffective. Defendant Harrell's motion to remand [Doc. #20] is therefore **GRANTED**. This case is **REMANDED** to the District Court of Cleveland County, State of Oklahoma.

**IT IS SO ORDERED**.

Dated this 29TH day of March, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3] *TIAA-CREF states that, in discussions with counsel where the possibility of removal was raised, Harrell did not object. Such circumstances fall short of constituting consent within the meaning of the removal statutes, even if defendant Harrell's position was not otherwise clear. See, e.g., Smith v. Health Ctr. of Lake City, Inc., 252 F.Supp. 2d 1336, 1339-40 (M.D. Fla. 2003).*